911 F.2d 732
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roxanne LESMAN, et al., Plaintiffs-Appellants,
v.
RANSBURG CORPORATION, an Indiana Corporation, and
Roto-Finish Company, Inc., a subsidiary of the
Ransburg Corporation, Defendants-Appellees.
 No. 89-2102.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs in this action were employees of Roto-Finish, a wholly-owned subsidiary of the Ransburg Corporation. On June 1, 1984, Roto-Finish instituted a severance pay plan, which read in relevant part:
 
 
 2
 The purpose of this policy is to define consistent severance benefits to office exempt and non-exempt employees of the company separated under conditions specified below.
 
 A. ELIGIBILITY AND EXCLUSIONS
 
 3
 1. Severance pay will apply when a permanent, full-time employee is laid off due to a reduction in work force or the elimination of a specific position(s).
 
 
 4
 2. Severance pay will not apply when any of the following occur:
 
 
 5
 a. Voluntary resignation
 
 
 6
 b. Discharge due to unsatisfactory job performance
 
 
 7
 c. Discharge for reasons such as embezzlement, theft, improper conduct, insubordination, etc.
 
 
 8
 d. Any leave of absence
 
 
 9
 e. Retirement, voluntary or involuntary.
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 4. If an employee subject to layoff is offered another position with the company and refuses the offer, status at separation shall be as follows:
 
 
 13
 a. Separation shall be considered a layoff if the position offered is not comparable in compensation and responsibility to employee's present position.
 
 
 14
 b. Separation shall be considered a resignation if employee refuses to accept a comparable position and severance pay shall not apply.
 
 
 15
 Should an employee accept another position within the company, but outside the division, subsidiary, or affiliate from which he/she is being laid off, employment status shall be that of a "transferee" and severance pay shall not apply. Once an employee is transferred, the obligation of payment for future severance benefits becomes that of the new employer; however, if an employee is transferred and laid off within 90 days of transfer date, severance pay is the responsibility of the original unit.
 
 
 16
 On Friday, January 15, 1988, Ransburg sold some of the business assets of Roto-Finish to Hammond Machinery, Inc. That day, each of the plaintiffs received a letter informing them that "[t]he current Roto-Finish Company will no longer exist and your employment will be terminated" as of that day. The new entity, named "Roto-Finish Co., Inc., a Division of the Kalamazoo Co., Inc.," began business on Monday, January 18.
 
 
 17
 As a condition of the sale of Roto-Finish to Hammond, Hammond secured the right to interview Roto-Finish personnel and to offer employment to those whom it wished to retain. All of the plaintiffs interviewed with Hammond, and all began employment with the new Roto-Finish between January 18 and January 25, 1988. The plaintiffs admit that their compensation and duties at the new Roto-Finish were similar to their previous duties at the old Roto-Finish with a few differences in fringe benefits.
 
 
 18
 The plaintiffs requested severance benefits from the old Roto-Finish and were refused. On March 14, 1988, the plaintiffs sued the old Roto-Finish and Ransburg in Michigan state court for breach of contract and fraud, and requested severance benefits. Roto-Finish filed an answer, asserting that the plaintiffs' claim for benefits was preempted by ERISA. The plaintiffs then filed an amended complaint, asserting, in addition to the previously asserted contract and fraud claims, that Roto-Finish was liable to them for severance benefits under ERISA. Roto-Finish then removed the case to federal district court.
 
 
 19
 On June 2, 1989, Roto-Finish filed a motion for summary judgment, arguing, inter alia, that ERISA preempted the Michigan common law claims and that the plaintiffs were not entitled to severance pay under the terms of the Plan. The plaintiffs responded, conceding that the state law claims were preempted by ERISA, but arguing that the terms of the Plan entitled them to severance benefits when Roto-Finish was sold to Hammond. Specifically, they argued that they were "laid off" from their jobs at the old Roto-Finish, and accordingly were entitled to severance benefits under the Plan.
 
 
 20
 On August 7, 1989, the district court granted Roto-Finish's motion for summary judgment, and dismissed the plaintiffs' amended complaint. The district court considered the language of the Plan and found that the sale of Roto-Finish as an ongoing entity to Hammond was not a "reduction in force," as that term was used in the Plan. It further found that the elimination of all positions as a result of the sale of Roto-Finish was not the same as the elimination of a "specific position," which assumes retention of other positions. Thus, the language of the Plan did not support the plaintiffs' claim.
 
 
 21
 The district court found that the Plan was thus silent as to the availability of severance benefits upon the sale of a part of the business as a going concern, and refused to create a term entitling employees to severance benefits under this circumstance. The plaintiffs appealed.
 
 
 22
 We now AFFIRM the decision of the district court for the reasons stated in the well-reasoned opinion of Judge Robert Holmes Bell.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation